## ZEBINA EASTMAN *versus* JOHN WINSHIP *et al.*

If a witness offered by the plaintiff has become interested in the event of the suit by a *bonâ fide* contract with the defendant, made in the regular course of business and without any intention on the part of the defendant or the witness to deprive the plaintiff of his testimony, he is incompetent, although such interest was created after the plaintiff had become entitled to his testimony.

In an action by an indorsee against W. on two promissory notes, one of which was made by W. and indorsed by J., and the other was made by J. and indorsed by W., it appeared, that after the execution of the notes but before their maturity, J. had failed in business and assigned his property for the benefit of his creditors, and had been in consequence thereof released by W. from all liabilities to him. It was *held*, that J., who was offered as a witness by the plaintiff, was not incompetent, as being interested in the event of the suit; for he would still be liable to the plaintiff, whether the plaintiff recovered judgment against W. or not, and the judgment in this suit could not be given in evidence in an action against J.

THIS was assumpsit against John Winship, Amos Binney, and John Binney, on two promissory notes, one dated July 29, 1825, for 1200 dollars, signed by Winship and payable in 60 days to Samuel Jaques or order, by whom it was indorsed, the other dated July 21, 1825, for 1000 dollars, signed by Jaques, payable in 60 days to Winship or order, by whom it was indorsed.

Winship was defaulted ; and the other defendants pleaded the general issue, which was joined.

At the trial, before *Wilde* J., it was proved that the defendants, at the time when these notes were given, were copartners in the manufacture of soap and candles, which business was carried on in the name of Winship alone ; that the notes in question were sold to the plaintiff, by Winship, through the agency of a broker, it being represented to the plaintiff, at the time of the sale, that they were made and indorsed for the use of the partnership ; and that the proceeds were paid over to Winship. The plaintiff offered Jaques as a witness, but the defendants objected to his competency, on the ground that he had been released by Winship from all liability to him on these notes, and therefore was interested in the event of the suit.

It appeared that on August 28, 1825, which was before the maturity of the notes, Jaques, having failed in business, made an assignment of his property, in trust for the payment

)f his debts, including all claims which Winship might have pon him by virtue of any notes made by Jaques and indorsed y Winship, or made by Winship and indorsed by Jaques ; nd it was provided that the holders of such notes should be onsidered creditors, for the purposes of the instrument of ussignment, only for such part of the contents of such notes as came to Jaques's use and possession, and that the assignees should, to that extent, indemnify Winship for that proportion of such notes *pro ratâ* with other creditors of the class ; that the accounts between Jaques and Winship, concerning former transactions, should be adjusted, and the balance, if in favor of Jaques, should go towards the indemnity provided for Winship, and if in favor of Winship, should be a debt in this class of debts ; and that Winship might execute the instrument, as representing his interest in such notes when paid. Then followed a schedule of the notes made by Jaques in favor of Winship, amounting to $ 14,250 dollars, and of three notes, made by Winship in favor of Jaques, amounting to 4,200 dollars. The notes in question were on the schedule.

Winship became a party to the assignment, whereby the creditors released Jaques from all claims, demands and causes of action, which they had or might hereafter have against him for or on account of the several debts and sums of money set opposite to their respective names on the schedule.

Jaques was admitted as a witness, the question of his com petency being reserved for the consideration of the whole Court ; and the jury rendered a verdict for the plaintiff.

If the Court should be of opinion, that he was incompetent, the verdict was to be set aside and a new trial granted ; otherwise, judgment was to be entered on the verdict.

*S. Hubbard* and *C. G. Loring*, for the defendants, referred to *Winship* v. *Bank of the United States*, 5 Peters, 529, and the cases there cited.

*Rand* and *Fiske* for the plaintiff. The witness stands in tne same relation to Winship, as a co-trespasser does in an action against one of several trespassers ; and it is clear, that in such action a co-trespasser is a competent witness. *Blackett* v. *Weir*, 5 Barn. & Cressw. 387 ; Buller's N. P. 286 ; *Chapman* v. *Graves*, 2 Campb. 333, note ; *Morris* v.

*Daubigny*, 5 Moore, 319 ; *Berkeley* v. *Dimery*, 10 Barn. & Cressw. 113, note ; *Hall* v. *Curzon*, 9 Barn. & Cressw. 646.

Supposing the release by Winship to Jaques to refer tc these particular claims, it would be ineffectual, because, as the notes were outstanding in other hands, there was no right or obligation which could be the subject of the release. Shep. Touch. (Preston's edit.) 321.

The interest of the witness, if he is interested, does not disqualify him, for it was created by the agency of the defendants after the plaintiff had acquired a right to his tes i-mony. *Burgess* v. *Lane*, 3 Greenl. 165.

*April 3d.*　WILDE J. delivered the opinion of the Court. The only question to be considered is whether Jaques was a competent witness.

This question was fully argued, but not decided, in *Winship* v. *The Bank of the United States*, 5 Peters, 529, the Court being divided in opinion as to this point. The arguments in that case, and the authorities cited, have been re ferred to by counsel, and considered by this Court, and upon the whole, we are of opinion that Jaques was a competent witness.

The objection to the competency of the. witness is, that he was interested in the event of the suit, because, after the making of the notes sued, Winship gave to the witness a general release of all liabilities to him on account of these notes ; and it is argued, that if the plaintiff should recover in this action the defendants could not recover over against the witness, whereas he would remain liable to the plaintiff if he should fail to recover against the defendants.

Several answers have been given to this objection. First, it is said, that the interest of the witness, if any, was created by the act of the defendants, after the plaintiff had become entitled to his testimony. The cases cited on this point are such as show management by one of the parties to deprive the other party of the benefit of testimony, as by laying a wager with the witness as to the event of the suit, or where a wit ness has a like wager with another, without the consent of the party entitled to his testimony, and the like. In such cases, it would be against the manifest principles of justice to allow

a witness thus to disqualify himself. But the reason does not apply to a case like the present, in which the witness acquired an interest, such as it was, by a fair *bonâ fide* contract in the course of business, without any intention on the part of the defendants or the witness to deprive the plaintiff of the ben efit of his testimony. This distinction is noticed by Lord *Ellenborough* in *Forrester* v. *Pigou*, 1 Maule & Selw. 14, and is founded on the plainest reasons.

In the second place, it was objected to the operation of the release, that the defendants or Winship, at the time, had no demand against the witness, upon which the release could operate. This may be true, but perhaps the release might well operate by way of estoppel or some other way; but as to this we give no opinion, because we think, that the remaining answer to the defendants' objection is decisive.

For, admitting that the release discharged the witness from his liability to the defendants, still he is not interested in the event of this suit. He will be still liable to the plaintiff, whether he recovers judgment against the defendants or not; and it is clear, that the judgment in this suit cannot be given in evidence in an action against the witness. It is said, that it is to be presumed the plaintiff will follow up his legal rights, and if he should recover judgment he will obtain satisfaction. But we do not even know, that he will be able to obtain satisfaction; the defendants may become insolvent, though, in this particular case, there is no reason to suppose they will; but the question of the competency of the witness is not to be determined by the solvency or insolvency of the defendants. It is not a question what will be the probable effect of a recovery by the plaintiff, but what will be its immediate and certain effect upon the witness's liabilities; for if the interest is contingent and uncertain, it will go to the credit of the witness, and not to his competency. 2 Stark. Evid. 745. It is also said, that the distinction taken by the plaintiff's counsel is new and unsupported by the authorities. It may be, that there is no case precisely in point, but the principle, on which the distinction is founded, has been frequently recognised. The interest, which the witness Jaques had, was similar to that of a co-trespasser, and it is perfectly

*Eastman v. Winship.*

Eastman
*v.*
Winship.

well settled, that in an action of trespass against one of several trespassers, a co-trespasser may be admitted as a witness for either party. *Blackett* v. *Weir*, 5 Barn. & Cressw. 387 ; *Hall* v. *Curzon*, 9 Barn. & Cressw. 646. Indeed the interest of a co-trespasser is much stronger, if it be true, as Lord *Tenterden* says, that a recovery against one of several co-trespassers is a bar against the others. If the law were so, it would be difficult to discover any good ground, on which a co-trespasser could be admitted as a witness for the plaintiff ; for he would be directly interested in the event of the suit, as by the plaintiff's recovering judgment he would be discharged from a liability. But I apprehend, that the law is now well settled, as laid down by Lord *Ellenborough* in the case of *Drake* v. *Mitchell*, 3 East, 258. He says, a judgment recovered in any form of action, is but a security for the original cause of action, until it be made productive in satisfaction to the party ; and, therefore, till then, it cannot operate to change any other collateral concurrent remedy, which the party may have. This point is considered in *Campbell* v. *Phelps*, 1 Pick. 70 ; and is ably discussed in a note by Mr. Metcalf, in Yelverton, 68. But this point is immaterial in the present case, as it is well settled that a co-trespasser may be admitted to prove, that he did the act by the command of the defendant ; and it is clear, that Jaques had not a greater or more certain interest in the event of the suit, than a co-trespasser would have in an action of trespass, he not being a party. The recovery by the plaintiff cannot, without satisfaction, discharge Jaques from his liability, whatever may be the law in regard to a recovery by the plaintiff in an action of trespass against one of several co-trespassers. He was not, therefore, interested in the event of the suit ; but if he were under any bias, it was an objection to his credibility, and not to his competency.

*Judgment according to verdict.*